# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| DARLENE BAUMANN, TOBY HOY and ROBIN TAYLOR on behalf of themselves and others similarly situated, | CIVIL ACTION FILE NO. |
| Plaintiffs, | **COMPLAINT – CLASS ACTION** |
| v. | |
| AMERISAVE MORTGAGE CORPORATION, | **JURY TRIAL DEMANDED** |
| Defendant. | |

Plaintiffs Darlene Baumann, Toby Hoy, Robin Taylor (hereinafter referred to as "Plaintiffs"), individually and on behalf of all others similarly situated, alleges on personal knowledge, investigation of their counsel, and on information and belief, as follows:

## NATURE OF ACTION

1. This case involves a campaign by AmeriSave Mortgage Corporation ("AmeriSave") to market its products and services through the use of telemarketing calls and pre-recorded messages in plain violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq*. (hereinafter referred to as the "TCPA").

2. On June 12, 2008, the Federal Communications Commission ("FCC" or "Commission") issued a citation to AmeriSave for violations of the TCPA, admonishing AmeriSave that "[i]f, after receipt of this citation, you or your company violate the Communications Act or the Commission's rules in any manner described herein, the Commission may impose monetary forfeitures not to exceed $11,000 for each such violation or each day of a continuing violation."

3. Notwithstanding these prior violations of the TCPA and the FCC's citation, AmeriSave used a software program to transmit thousands of calls to Plaintiffs and proposed Class Members for the purposes of marketing its financial products.

4. Moreover, AmeriSave sent messages to cellular telephone numbers that are registered on the National Do Not Call List (hereafter "NDNC"), which is a separate and additional violation of the TCPA. The recipients of AmeriSave's illegal text messages, which include Plaintiffs Darlene Baumann and Robin Taylor, and the proposed classes, are entitled to damages under the TCPA.

## PARTIES

5. Plaintiffs Darlene Baumann ("Baumann"), Toby Hoy ("Hoy"), Robin Taylor ("Taylor") are all natural individuals.

6. Defendant AmeriSave Mortgage Corporation is a corporation incorporated under the laws of the State of Georgia, with its principal place of business at 3525 Piedmont Road NE, 8 Piedmont Center - Suite 600, Atlanta, GA 30305.

## JURISDICTION AND VENUE

7. The Court has subject matter jurisdiction pursuant to the Class Action Fairness Act of 2005 ("hereinafter referred to as CAFA") codified as 28 U.S.C. 1332(d)(2). The matter in controversy exceeds $5,000,000, in the aggregate, exclusive of interest and costs, as each member of the proposed Class of thousands is entitled to up to $1,500.00 in statutory damages for each call that has violated the TCPA. Further, Plaintiffs allege a national class, which will result in at least one Class member from a different state.

8. This Court also has federal question jurisdiction pursuant to 28 U.S.C. § 1331 and 47 U.S.C. § 227 *et seq*.

9. This Court has personal jurisdiction over AmeriSave because the company is incorporated and headquartered in the state of Georgia. The telemarketing messages that are the subject of this case were created and sent by AmeriSave.

10.     Venue is proper in the United States District Court for the Northern District of Georgia because defendants are deemed to reside in any judicial district in which they are subject to personal jurisdiction at the time the action is commenced, and because AmeriSave is incorporated and headquartered in Georgia.

## TCPA Background

Calls Made Using a Pre-Recorded Message

11.     The TCPA makes it unlawful "to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using an artificial or prerecorded voice … to any telephone number assigned to a … cellular telephone service."  *See* 47 U.S.C. § 227(b)(1)(A)(iii).

12.     Specifically, the TCPA prohibits the use of an automated telephone dialing system to make any telemarketing call or send any telemarketing text message to a wireless number in the absence of an emergency or the prior express written consent of the called party.  *See* 47 U.S.C. § 227(b)(1)(A)(iii); 47 C.F.R. § 64.1200(a)(2); *In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 27 F.C.C. Rcd. 1830, 1831 (F.C.C. 2012).

13.     "[T]elemarketing means the initiation of a telephone call or message for the purpose of encouraging the purchase or rental of, or investment in,

property, goods, or services, which is transmitted to any person." 47 C.F.R. § 64.1200(f)(12).

14.  "[P]rior express written consent means an agreement, in writing, bearing the signature of the person called that clearly authorizes the seller to deliver or cause to be delivered to the person called advertisements or telemarketing messages using an automatic telephone dialing system or an artificial or prerecorded voice, and the telephone number to which the signatory authorizes such advertisements or telemarketing messages to be delivered." 47 C.F.R. § 64.1200(f)(8).

15.  Under the TCPA, the burden is on the seller – here, AmeriSave – to have obtained and documented, and to prove, prior express written consent.

The National Do Not Call Registry

16.  The National Do Not Call Registry allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers. *See* 47 C.F.R. § 64.1200(c)(2).

17.  A listing on the Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." *Id.*

18. The TCPA and implementing regulations prohibit the initiation of telephone solicitations to residential telephone subscribers to the Registry and provides a private right of action against any entity that makes those calls, or "on whose behalf" such calls are promoted. 47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c)(2).

## FACTUAL ALLEGATIONS

19. Plaintiffs Darlene Baumann, Toby Hoy, Robin Taylor are not, and have never been, a customer of Defendant AmeriSave.

20. At no point have Plaintiffs sought out or solicited information regarding Defendant AmeriSave's products or services.

Plaintiff Baumann

21. Plaintiff Baumann's telephone number, (713) XXX-8597, is registered to a cellular telephone service.

22. Plaintiff Baumann's number is a personal number used for household purposes.

23. Plaintiff Baumann's number is not associated with any businesses.

24. Plaintiff Baumann's number has been on the National Do Not Call Registry since December 7, 2017.

25. Three times on August 3, and twice on August 4, 2021, Plaintiff Baumann received a pre-recorded call from AmeriSave.

26. The pre-recorded message stated, in part, "this is AmeriSave. If you want to reduce your interest rate, please press…".

27. Plaintiff Baumann was not interested, and she terminated the call.

28. The Caller ID for the calls were (713) 913-7380, (713) 913-7381, (713) 588-0972, (713) 574-7715 and (713) 568-8644.

29. A return call to this number identifies AmeriSave as the caller.

Plaintiff Hoy

30. Plaintiff Hoy's telephone number, (515) XXX-0280, is registered to a cellular telephone service.

31. On January 19, 20, 21 and 22, 2021, Plaintiff Hoy received pre-recorded calls from AmeriSave.

32. The pre-recorded message stated, in part, "this is AmeriSave. If you want to reduce your interest rate, please press…".

33. Plaintiff Hoy was not interested, and he terminated the call.

34. The Caller ID for the calls were 515-505-7291 and 515-218-9048.

35. Return calls to these numbers identify AmeriSave as the caller.

Plaintiff Taylor

36. Plaintiff Taylor's telephone number, (941) XXX-6358, is registered to a cellular telephone service.

37. Plaintiff Taylor's number is a personal number used for household purposes.

38. Plaintiff Taylor's number is not associated with any businesses.

39. Plaintiff Taylor's number has been on the National Do Not Call Registry since January 9, 2009.

40. On April 23, May 6, 7, 10, 2021, Plaintiff Taylor received pre-recorded calls.

41. The pre-recorded message stated, in part, "this is AmeriSave. If you want to reduce your interest rate, please press…".

42. Plaintiff Taylor was not interested, and he terminated the call.

43. The Caller ID for the calls were (941) 234-9003, (941) 234-9195, (941) 234-9017 and (941) 234-9011.

44. Return calls to these numbers identify AmeriSave as the caller.

## CLASS ACTION ALLEGATIONS

45. The Plaintiffs incorporate by reference all other paragraphs of this Complaint as if fully stated herein.

46. Plaintiffs bring this action on behalf of themselves and the following classes (the "Classes") pursuant to Federal Rule of Civil Procedure 23.

47. Plaintiffs propose the following Class definitions, subject to amendment as appropriate:

> **Pre-Record Call Class:** All persons in the United States who, since January 1, 2020 until the class is certified, received one or more pre-recorded calls on their cellular telephone from or on behalf of AmeriSave Mortgage Corporation.
>
> **National Do Not Call Registry Class**: All persons in the United States whose telephone numbers were on the National Do Not Call Registry, but who received more than one telephone solicitation telemarketing call from or on behalf of AmeriSave Mortgage Corporation with a 12-month period, since January 1, 2020 until the class is certified.

48. All of the Plaintiffs are members of the Pre-Recorded Call Class.

49. Plaintiffs Taylor and Baumann are members of the National Do Not Call Registry Class.

50. Plaintiffs and all members of the Classes have been harmed by the acts of the Defendant, including, but not limited to, the invasion of their privacy, annoyance, waste of time, the use of their cell phone battery, and the intrusion on their cellular telephone that occupied it from receiving legitimate communications.

51. This Class Action Complaint seeks injunctive relief and money damages.

52. The Classes as defined above are identifiable through the Defendant's dialer records, other phone records, and phone number databases.

53. Plaintiffs do not know the exact number of members in the Classes, but Plaintiffs reasonably believe Class members number, at minimum, in the hundreds in each class.

54. The joinder of all Class members is impracticable due to the size and relatively modest value of each individual claim.

55. Additionally, the disposition of the claims in a class action will provide substantial benefit to the parties and the Court in avoiding a multiplicity of identical suits.

56. There are well defined, nearly identical, questions of law and fact affecting all parties. The questions of law and fact, referred to above, involving the class claims predominate over questions which may affect individual Class members.

57. There are numerous questions of law and fact common to Plaintiffs and to the proposed Classes, including but not limited to the following:

> (a) whether Defendant utilized a pre-recorded message to send calls to the members of the Pre-Recorded Call Class;
>
> (b) whether Defendant systematically made multiple telephone calls to members of the National Do Not Call Registry Class;

  (c) whether Defendant made calls to Plaintiffs and members of the Classes without first obtaining prior express written consent to make the calls;

  (d) whether Defendant's conduct constitutes a violation of the TCPA; and

  (e) whether members of the Classes are entitled to treble damages based on the willfulness of Defendant's conduct.

58. Further, Plaintiffs will fairly and adequately represent and protect the interests of the Classes. Plaintiffs have no interests which are antagonistic to any member of the Classes.

59. Plaintiffs have retained counsel with substantial experience in prosecuting complex litigation and class actions, and especially TCPA class actions. Plaintiffs and their counsel are committed to vigorously prosecuting this action on behalf of the other members of the Classes, and have the financial resources to do so.

60. Common questions of law and fact predominate over questions affecting only individual class members, and a class action is the superior method for fair and efficient adjudication of the controversy. The only individual question concerns identification of class members, which will be ascertainable from records maintained by Defendant and/or its agents.

61. The likelihood that individual members of the Classes will prosecute separate actions is remote due to the time and expense necessary to prosecute an individual case.

**FIRST CAUSE OF ACTION**
**Statutory Violations of the Telephone Consumer Protection Act**
**(47 U.S.C. 227, et seq.)**
**on behalf of the** Pre-Recorded Call Class

62. Plaintiffs incorporate by reference the foregoing allegations as if fully set forth herein.

63. AmeriSave violated the TCPA by sending, or causing to be sent via an agent, pre-recorded messages to the cellular telephones of Plaintiffs and members of the Pre-Recorded Call Class without their prior express written consent.

64. As a result of the Defendant's violations of 47 U.S.C. § 227 *et seq.*, Plaintiffs and Pre-Recorded Call Class members are entitled to an award of $500 in statutory damages for each and every violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(B).

65. Plaintiffs and Pre-Recorded Call Class members are also entitled to and do seek injunctive relief prohibiting the Defendant from advertising their goods or services, except for emergency purposes, using a pre-recorded voice in the future.

## SECOND CAUSE OF ACTION
**Knowing and/or Willful Violation of the Telephone Consumer Protection Act (47 U.S.C. 227, et seq.)**
**on behalf of the** Pre-Recorded Call Class

66. Plaintiffs incorporate by reference the foregoing allegations as if fully set forth herein.

67. AmeriSave violated the TCPA by sending, or causing to be sent via an agent, pre-recorded calls to the cellular telephones of Plaintiffs and members of the Pre-Recorded Call Class.

68. As a result of the Defendant's knowing and/or willful violations of 47 U.S.C. § 227 *et seq.*, Plaintiffs and each member of the Pre-Recorded Call Class is entitled to treble damages of $1,500 for each and every violation of the statute, pursuant to 47 U.S.C. § 227(b)(3).

69. Plaintiffs and Pre-Recorded Call Class members are also entitled to and do seek injunctive relief prohibiting the Defendant from advertising their goods or services, except for emergency purposes, using a pre-recorded voice in the future.

## THIRD CAUSE OF ACTION
### Violation of the Telephone Consumer Protection Act
### (47 U.S.C. 227, et seq. and 47 C.F.R. §§ 64.1200(d))
### on behalf of the National Do Not Call Registry Class

70. Plaintiffs Taylor and Baumann incorporate by reference the foregoing allegations as if fully set forth herein.

71. AmeriSave violated the TCPA and the Regulations by making, or having its agent make, two or more telemarketing text messages within a 12-month period on AmeriSave's behalf to Plaintiff and the members of the National Do Not Call Registry Class while those persons' phone numbers were registered on the National Do Not Call Registry.

72. As a result of the Defendant's violations of 47 U.S.C. § 227 *et seq.*, Plaintiffs Taylor and Baumann and National Do Not Call Registry Class members are entitled to an award of up to $500 in statutory damages for each and every violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(B).

73. Plaintiffs Taylor and Baumann and National Do Not Call Registry Class members are also entitled to and do seek injunctive relief prohibiting the Defendants from advertising their goods or services, except for emergency purposes, to any number on the National Do Not Call Registry in the future.

## FOURTH CAUSE OF ACTION
### Knowing and/or Willful Violation of the Telephone Consumer Protection Act
### (47 U.S.C. 227, et seq. and 47 C.F.R. §§ 64.1200(d))
### on behalf of the National Do Not Call Registry Class

74. Plaintiffs Taylor and Baumann incorporate by reference the foregoing allegations as if fully set forth herein.

75. AmeriSave knowingly and/or willingly violated the TCPA and the Regulations by making, or having its agent make, two or more telemarketing calls within a 12-month period on AmeriSave's behalf to Plaintiffs Taylor and Baumann and the members of the National Do Not Call Registry Class while those persons' phone numbers were registered on the National Do Not Call Registry.

76. As a result of the Defendant's knowing and/or willful violations of 47 U.S.C. § 227 *et seq.*, Plaintiffs Taylor and Baumann and each member of the National Do Not Call Registry Class is entitled to treble damages of up to $1,500 for each and every violation of the statute, pursuant to 47 U.S.C. § 227(b)(3).

77. Plaintiffs Taylor and Baumann and National Do Not Call Registry Class members are also entitled to and do seek injunctive relief prohibiting the Defendant from advertising their goods or services, except for emergency purposes, to any number on the National Do Not Call Registry in the future.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs, individually and on behalf of the Classes, pray for the following relief:

    A.    Injunctive relief prohibiting Defendant from calling telephone numbers advertising their goods or services, except for emergency purposes, to any number on the National Do Not Call Registry or to any cellular telephone numbers using a prerecorded voice in the future;

    B.    As a result of the Defendant's willful and/or knowing violations of 47 U.S.C. § 227(b)(1), Plaintiffs seek for themselves and each Pre-Recorded Call Class member treble damages, as provided by statute, of $1,500 for each and every violation of the TCPA;

    C.    As a result of Defendant's statutory violations of 47 U.S.C. § 227(b)(1), Plaintiffs seek for themselves and each Pre-Recorded Call Class member $500 in statutory damages for each and every violation of the TCPA;

    D.    As a result of the Defendant's willful and/or knowing violations of 47 C.F.R. § 64.1200(d), Plaintiffs Taylor and Baumann seek for themselves and each member of the National Do Not Call Registry Class treble damages, as provided by statute, of up to $1,500 for each and every violation of the TCPA;

E.      As a result of Defendant's statutory violations of 47 C.F.R. § 64.1200(d), Plaintiffs Taylor and Baumann seek for themselves and each member of the National Do Not Call Registry Class up to $500 in statutory damages for each and every violation of the TCPA;

F.      An award of attorneys' fees and costs to counsel for Plaintiffs and the Classes as permitted by law;

G.      An order certifying this action to be a proper class action pursuant to Federal Rule of Civil Procedure 23, establishing the appropriate Classes the Court deems appropriate, finding that Plaintiffs are proper representatives of the Pre-Record Call Class and that Plaintiffs Baumann and Taylor are proper representatives of the National Do Not Call Registry Class, and appointing the lawyers and law firms representing Plaintiffs as counsel for the Classes;

H.      Such other relief as the Court deems just and proper.

## JURY DEMAND

Plaintiffs request a jury trial as to all claims of the complaint so triable.

Dated: November 12, 2021

PLAINTIFFS, on behalf of themselves and others similarly situated,

By:

*/s/ Steven H. Koval*
Steven H. Koval
Georgia Bar No. 428905
3575 Piedmont Road
Building 15, Suite 120
Atlanta, GA  30305
Telephone:  (404) 513-6651
Facsimile: (404) 549-4654
shkoval@aol.com

Anthony Paronich (*pro hac vice* to be filed)
Email:  anthony@paronichlaw.com
PARONICH LAW, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
Telephone:  (617) 485-0018
Facsimile:  (508) 318-8100

*Attorneys for Plaintiff*

## **CERTIFICATE OF COMPLIANCE WITH L.R. 5.1.C & 7.1.D**

Pursuant to L.R. 7.1.D, I certify that this document has been prepared with 14-point, Times New Roman font, approved by the Court in L.R. 5.1.C.

                           */s/  Steven H. Koval*
                           Steven H. Koval